### In re David McCRARY, Debtor.

### GOLDOME REALTY CREDIT CORPORATION, Movant,

v.

### David McCRARY and Eileen Voss, Trustee, Respondents.

### Bankruptcy No. 86–01562–BKC–J13. Motion No. 02.

United States Bankruptcy Court, E.D. Missouri, E.D.

Jan. 24, 1989.

---

Eileen Voss, St. Louis, Mo., trustee.

Peggy T. Hardge–Harris, St. Louis, Mo., for debtor.

Vernon D. Singer, Clayton, Mo., for movant.

## ORDER

JAMES J. BARTA, Chief Judge.

The hearings on the various matters in this case were called on January 24, 1989. The Movant appeared by counsel and presented certain announcements upon the record. After the time set for the commencement of these matters, the Debtor appeared in person and by counsel and presented testimony in opposition to the Movant's requests. Upon consideration of the record as a whole, the Court announced certain Findings and Conclusions from the bench, as follows:

That this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G); and

That on October 16, 1986, the Court entered an Order confirming the Debtor's Chapter 13 Plan which in part provided for payments to be made outside the plan directly to the holder of the deed of trust upon the Debtor's real property, as such payments became due beginning on November 1, 1986; and

That on May 6, 1987, the holder of the deed of trust filed a motion requesting relief from the automatic stay to permit foreclosure upon the real estate because the Debtor had failed to make the direct payments as they became due; and

That on July 1, 1987, the Debtor failed to appear personally at the hearing on the motion for relief from the stay, and the Court entered an order granting relief from the stay to permit foreclosure; and

That on July 10, 1987, the Debtor's second bankruptcy attorney filed a motion to rescind the order granting relief from the stay, tendering $1,200.00 to the Movant as a credit toward the missed payments; and

That on August 6, 1987, the Order granting relief from the stay was rescinded upon certain conditions, including the Debtor's payment of certain cash to the Movant and the Debtor's submission of an order directed to his employer to provide for the deduction and payment to Movant of future direct payments upon the note and deed of trust; and

That on August 25, 1987, an Order was entered directing D.S.L. Educational Services to withhold and pay to Goldome Realty Credit Corporation, the Movant, the monthly payments on the note and deed of trust; and

That on May 11, 1988, the Chapter 13 Trustee mailed a letter to the Debtor indicating that the plan had been completed; and

That on October 12, 1988, upon the Debtor's oral application, the plan was continued to permit the Debtor to pay all allowed claims in full; and

That, upon the Debtor's request, the Movant's claim (the only proof of claim filed in this case) was allowed to be paid through the Chapter 13 Plan, notwithstanding such claim having been filed out of time, as reflected in the Orders entered on June 9, 1988, and August 2, 1988; and

That the Debtor is the President of D.S. L. Educational Services, Inc. (D.S.L.) the employer to whom the Order was directed with respect to withholding the payments for the benefit of the Movant; and

That in July, 1988, the Debtor unilaterally, without notice to the Movant or the Trustee and without an Order of Court, directed D.S.L. to stop withholding and paying over the amounts directed by the Court Order entered on August 25, 1987; and

That since July, 1988, the Debtor has continued to receive money as a result of his association with D.S.L., in the same manner as he received money prior to July, 1988; and

That as of the date of the hearing on these matters, the Debtor continues to be owed money as a result of his association with D.S.L.; and

That on December 5, 1988, the Movant filed a second motion for relief from the automatic stay, alleging that direct payments on the note and deed of trust had not been made since about July, 1988; and

That on January 11, 1989, the Debtor appeared in person and by his third bankruptcy counsel at the hearing on this motion and acknowledged that he had not made several payments which had become due to this Movant since August, 1988; and that the Debtor represented that he had immediately available the sum of $3,582.00 to be paid to the Movant; and

That upon the Debtor's representations, the Court ordered that the hearing on the motion for relief from the stay be continued upon the condition that the Debtor pay the sum of $3,582.00 to Movant's counsel, not later than the close of business on January 11, 1989; and

That as of January 24, 1989, the Debtor has failed to pay the sum of $3,582.00 to Movant's counsel or to the Chapter 13 Trustee; and

That upon the Debtor's request, the Debtor's objection to the Movant's proof of claim was set for hearing on January 24, 1989; and that on said date, the Debtor presented a request to continue said hearing; and

That the amount owed to this Movant is $56,463.00; and that the Debtor's Chapter 13 Statement reflects, and the Court so finds, that the fair market value of the real property which is collateral for the debt owed to the Movant is $58,000.00; and

That, therefore, the Debtor enjoys no equity in said property, and said property is not necessary for an effective reorganization; and that there is no value in said property for the benefit of this estate; and that the interests of this Movant are not adequately protected; and

That the Debtor's action in causing D.S. L. to cease compliance with an Order of the Court was contrary to the Debtor's agreement which denied relief from the stay on August 6, 1987; caused a default in the payments to this Movant; is indicative of the absence of the Debtor's good faith; and reflects a blatant disregard for the orderly distribution scheme of the Federal law; and

That the Debtor's continued delays in paying this Movant, and in prosecuting the objection to Movant's proof of claim are unduly prejudicial to Movant's interests; and

That the only claim filed in this case is that on behalf of this Movant; and that the Debtor's schedule reflects that Movant's foreclosure upon the real property will result in satisfaction of the debt owed to Movant; and that no further distributions will be made through the confirmed Chapter 13 Plan; therefore

IT IS ORDERED that these hearings be concluded; and that the request of Goldome Realty Credit Corporation for relief from the automatic stay to permit foreclosure upon certain real property as described in the documents filed in this matter is granted; and that said stay is terminated; and that the estate interest in said property is abandoned; and

That the Debtor's request to continue the hearing on the objection to the proof of claim on behalf of Goldome Realty Credit Corporation is denied; and

That this Chapter 13 case is dismissed for the Debtor's failure to comply with the agreed orders entered on August 6, 1987, and the oral order entered on January 11, 1989, as evidenced by the written order entered on January 18, 1989, and for the

Debtor's failure to comply with the terms of the confirmed plan by not making direct payments outside the plan to Goldome Realty Credit Corporation; and

That Eileen Voss, Trustee, is to disburse any remaining Chapter 13 monies according to the terms of the confirmed plan; and

That Eileen Voss is discharged of her responsibilities as Chapter 13 Trustee and relieved of her bond requirement; and that the automatic stays are terminated; and

IT IS FURTHER ORDERED that any order directed to the Debtor's employer which required the withholding of monies to be paid to the Chapter 13 Trustee, be and hereby is set aside; and that any such employer is relieved of any further responsibility to withhold and pay over such sums.